## Hoff, Appellant, *v.* Hamilton.

*Appeals—Paper-books—Failure to print evidence.*

A paper-book will be suppressed and the judgment affirmed where the appellant fails to print the evidence given on the trial. The recital of facts in the opinion filed by the trial judge will not take the place of the duly certified evidence, in the absence of an agreement that it contained all the facts concerning which evidence was given.

Argued March 9, 1905.   Appeal, No. 11, March T. 1905, by plaintiff, from judgment of C. P. Lycoming Co., Dec. T., 1903, No. 263, for defendant non obstante veredicto in case of Mary Martha Hoff v. James Hamilton. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER and HENDERSON, JJ. Affirmed.

Motion to suppress paper-book and affirm the judgment.

*Error assigned* was as follows: "The court erred in entering judgment in favor of the defendant on the reserved point."

*J. F. Strieby*, for appellant.

*Wm. R. Deemer*, with him *T. M. B. Hicks*, for appellee.

PER CURIAM, April 17, 1904:

Upon the trial of this case the court reserved the question "Whether there is any evidence in this case under which the plaintiff is entitled to recover." Subsequently the court entered judgment for the defendant non obstante veredicto on the question of law reserved, and thereupon the plaintiff took this appeal. It is objected by the appellee's counsel that the single assignment of error is defective in that it does not set forth totidem verbis the reserved question. But apart from this objection, the motion of appellee's counsel to suppress the appellant's paper-book and affirm the judgment must prevail, because the paper-book does not contain the evidence given on the trial. This is required by our rules, and is obviously essential to a proper decision of the question raised by the assignment of error. The recital of facts in the opinion filed by the

trial judge will not take the place of the duly certified evidence, particularly as there is no agreement that it contains all the facts concerning which evidence was given.

The appellee's motion is allowed, and the judgment is affirmed.